CHRISTOPHER W. CARSON, ESQ.
Nevada Bar No. 9523
TRENT L. RICHARDS, ESQ.
Nevada Bar No. 11448
**SAGEBRUSH LAWYERS**
112 S. Water Street, Suite 104
Henderson, Nevada 89015
Phone: (702) 800-7634
Fax: (702) 800-7635
Email: ccarson@sagebrushlawyers.com
    trichards@sagebrushlawyers.com
*Attorneys for Plaintiffs*

and

T. Christopher Tuck, Esq.
Robert S. Wood, Esq.
T.A.C. Hargrove, II, Esq.
**RICHARDSON, PATRICK, WESTBROOK & BRICKMAN, LLC**
1037 Chuck Dawley Blvd., Bldg. A
Mount Pleasant, South Carolina 29464
T: (843) 727-6500
F: (843) 216-6509
ctuck@rpwb.com
bwood@rpwb.com
thargrove@rpwb.com
*Pro Hac Vice Pending*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH McDOUGALL and AUSTIN WALLACE, individually and on behalf of all similarly situated individuals,<br><br>Plaintiffs,<br><br>vs<br><br>THE BOILING CRAB VEGAS, LLC,<br><br>Defendant. | CASE NO.: 2:20-cv-01867<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**and**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs JOSEPH McDOUGALL and AUSTIN WALLACE ("Plaintiffs"), by and through their attorneys of record, on behalf of themselves and all others similarly situated, allege as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 based upon Plaintiffs' claims asserted under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. and 29 U.S.C. § 216(b) in that this case arises under federal law. Supplemental jurisdiction exists for the state law claims under 28 U.S.C. § 1367.

2. Venue is appropriate in this judicial district pursuant to 28 U.S.C § 1391(b)(2) because Defendant resides and/or does business in the District of Nevada. Venue is also proper in this district because the acts and transactions that give rise to this action occurred, in substantial part, in the District of Nevada.

## Nature of Action

3. Plaintiffs bring this collective and class action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., and Rule 23 of the Federal Rules of Civil Procedure ("FRCP"), to obtain declaratory, injunctive, and monetary relief on behalf of a class of individuals who are, or were, employed as servers, cashiers, hosts/hostesses, bus-runners, and ToGo employees of The Boiling Crab Vegas, LLC ("Defendant").

4. Defendant requires that all customer tips received by any employees be placed in a tip pool ("Tip Pool") from which tips are shared with cashiers, hosts/hostesses, bus-runners, and ToGo employees.

5. In addition to servers, cashiers, hosts/hostesses, bus-runners, and ToGo employees, the Designated Shift Lead(s) (a/k/a Daily Shift Lead, Daily Server Lead, and Lead on Duty) (hereinafter, "DSL") are allowed to participate in the Tip Pool in violation of the FLSA.

6. The FLSA claims alleged below are brought as a proposed opt-in collective action pursuant to 29 U.S.C. § 216(b), on behalf of a class of individuals who were employed by Defendant as servers, cashiers, hosts/hostesses, bus-runners, and ToGo employees since March 23, 2018.

7. This action challenges the legality under the FLSA of Defendant's mandatory Tip Pool arrangement that allows DSLs to participate in the Tip Pool.

### Parties

8. Plaintiff Joseph McDougall ("McDougall") is a resident of Columbia, South Carolina, who worked as a server for Defendant at its Boiling Crab restaurant located at 4025 S. Decatur Blvd., Las Vegas, Nevada, from June 2019 until his resignation on June 6, 2020.  Prior to working at Defendant's restaurant, McDougall worked as a DSL at a corporate-owned Boiling Crab restaurant in Burbank, California.  While working as a DSL in California, McDougall was specifically told that DSLs could not participate in the tip pool.  During the class period, McDougall regularly worked two or more shifts per week at Defendant's restaurant and was required to participate in the Tip Pool.

9. Plaintiff Austin Wallace ("Wallace") is a resident of Charlotte, North Carolina, who worked as a server for Defendant at its Boiling Crab restaurant located at 4025 S. Decatur Blvd., Las Vegas, Nevada.  During the class period, Wallace regularly worked five shifts per week at Defendant's restaurant and was required to participate in the Tip Pool.

10. Defendant The Boiling Crab Vegas, LLC, is a limited liability company with its principal place of business in Las Vegas, Nevada.  The Boiling Crab Vegas is a full service restaurant located at 4025 S. Decatur Blvd., Las Vegas, Nevada.  Defendant employs individuals to serve customers at its restaurant.

\\\

### FACTUAL ALLEGATIONS

### (THE RESTAURANT)

11.     Defendant's restaurant (the "Restaurant") is a franchise of The Boiling Crab®, and is located at 4025 S. Decatur Blvd, Las Vegas, Nevada.

12.     Upon information and belief, the Restaurant has sixty-seven (67) tables—forty-five (45) tables that seat four (4) and twenty-two (22) tables that seat six (6).

13.     Prior to the Covid-19 pandemic, the Restaurant was open seven (7) days a week—Monday through Friday from 3:00pm to 10:00pm and from 12:00pm to 10:00pm on Saturday and Sunday.  In the midst of the Covid-19 pandemic, the Restaurant served to-go orders only and closed each night at 8:00pm.

14.     Upon information and belief, the Restaurant's front of house staff is comprised of seventy-two (72) employees including front of house managers, DSLs, servers, bus-runners, hosts/hostesses, cashiers, and ToGo employees.

15.     All employees of the Restaurant are bound by the rules and policies within the Employee Handbook, and all employees are required to sign an employment contract agreeing to the same.

16.     Upon information and belief, employees are not provided a copy of the Employee Handbook and can only review it at the Restaurant.

### (TIP POOL)

17.     Defendant requires that all employees place all customer tips in the mandatory Tip Pool.

18.     Upon information and belief, Defendant does not maintain or provide a written policy related to the Tip Pool.

- 4 -

19. The DSLs control the Tip Pool. During each shift, DSLs manually track tips received by each server in a notebook and later input that information into a computerized "tip calculator" which tracks each server's weekly tip total. Once the total Tip Pool is determined for a given week, the "tip calculator" then divides that total among the participating employees by name and percentage based on each employees' position (e.g., server, bus-runner, cashier).

20. Employees receiving a percentage of the tips from the Tip Pool include servers, cashiers, hosts/hostesses, bus-runners, ToGo employees, and DSLs.

**(DSL)**

21. The Restaurant Training Manual, which is only available for review during business hours and in the presence of a manager at the Restaurant, provides job descriptions for servers, bus-runners, hosts/hostesses, cashiers, and ToGo employees, but does not include a job description for DSLs.

22. Upon information and belief, Defendant does not have a written job description for DSLs.

23. Defendant employs DSLs to manage front of house staff and to delegate tasks as needed to ensure efficiency and customer satisfaction in the Restaurant.

24. The DSL duties include:

   a. Clocking front of house employees in and out each day and cutting employee shifts as needed;

   b. Designating front of house staff breaks;

   c. Delegating tasks to front of house staff;

   d. Ensuring front of house employees are doing their job and performing the steps of service of their position;

- 5 -

  e. Comping, voiding, and rushing food items to address customer issues and complaints;

  f. Counting the Tip Pool;

  g. Dividing the Tip Pool according to designated percentages of each position for each front of house employee;

  h. Distributing tips and paychecks to front of house employees;

  i. Conducting pre-shift meetings with front of house employees;

  j. Disciplining employees when necessary; and

  k. Participating in the hiring and training of all front of house employees.

25. DSLs have limited interaction with restaurant customers and typically only speak with customers who specifically request to speak to a manager.

26. DSLs provide direction and instruction on how tables at the Restaurant are seated, how customers are served and by whom, when tables are bussed, and how checks and tips are processed.

27. DSLs regularly provide opinions and insight regarding the performance of servers, bus-runners, hosts/hostesses, cashiers, and ToGo employees to front of house managers and the general manager for use in their decisions regarding the employment status of front of house employees.

28. DSLs' primary responsibilities are management and supervision. Consequently, Defendant's mandatory Tip Pool policy that allows DSLs to take a portion of the Tip Pool amounts to the unlawful taking of tips.

\\\

\\\

\\\

# FLSA Collective Action Allegations

29. Plaintiffs bring Count I of this Complaint as a collective action, alleging violations of the FLSA on behalf of themselves and all similarly situated individuals. This "FLSA Collective Group" is defined as:

> All employees of Defendant who have participated in Defendant's mandatory tip pool as servers, bus-runners, hosts/hostesses, cashiers, and ToGo employees at Defendant's restaurant, The Boiling Crab Las Vegas, from March 23, 2018 to the present.

Plaintiffs reserve the right to modify this definition prior to conditional certification of the collective group.

30. Plaintiffs consent in writing to be part of this action pursuant to 29 U.S.C. § 216(b). *See* Ex. 1. As this case proceeds, it is likely that additional individuals will file consent forms and join as "opt-in" plaintiffs.

31. Plaintiffs and the FLSA Collective Group are or were employed by Defendant within the meaning of the FLSA.

32. Plaintiffs and other servers are required to remit tips to the Tip Pool, from which tips are shared with DSLs.

33. Upon information and belief, Defendant has known that all servers are required to remit tips to the Tip Pool, from which tips are shared with DSLs who are employed in a managerial or supervisory capacity.

34. Defendant has operated under a scheme to deprive members of the FLSA Collective Group of earned tips by allowing DSLs to share in the Tip Pool.

35. Defendant's conduct was willful and has caused significant damage to Plaintiffs and all similarly situated individuals.

36. Defendant is liable under the FLSA for failing to compensate Plaintiffs and all similarly situated individuals, and notice of this lawsuit should be sent to them. Those similarly

situated employees are known to Defendant and can be easily identified through Defendant's payroll records.

## CLASS ACTION ALLEGATIONS

37. Plaintiffs also bring this Complaint under Rule 23, FRCP, on behalf of a class of individuals ("Class members") defined as follows:

> All employees of Defendant who have participated in Defendant's mandatory tip pool as servers, bus-runners, hosts/hostesses, cashiers, and ToGo employees at Defendant's restaurant, The Boiling Crab Las Vegas, from March 23, 2018 to the present.

Plaintiffs reserve the right to redefine the class prior to class certification.

38. The amount of class members are so numerous that individual joinder is impracticable. The precise number of class members is unknown to Plaintiffs. Upon information, the number of class members is in excess of fifty persons. The identities of potential class members are known to Defendant and the class can be ascertained from Defendant's business records. Likewise, for purposes of notice, class members' contact information can be obtained from Defendant's business records.

39. Questions of law and fact common to Plaintiffs and the class exist and those questions predominate over any questions that may affect individual class members. Those predominant, common questions include:

    a. whether Defendant unlawfully permitted management and other employees who do not customarily and regularly receive tips to participate in the mandatory tip pooling practices;

    b. whether Defendant improperly interfered with Class members' tips by allowing DSLs to participate in the mandatory Tip Pool;

    c. whether Defendant unlawfully retained portions of Class members' tips by allowing DSLs to participate in the mandatory Tip Pool;

      d.      whether Defendant implemented and executed unlawful tip policies and practices; and

      e.      whether Defendant has been unjustly enriched at the expense of Plaintiffs and Class members.

40. Plaintiffs' claims are typical of the other Class members. Plaintiffs are informed and believe that they, along with all other servers, bus-runners, hosts/hostesses, cashiers, and ToGo employees, were improperly required to share tips with DSLs and were therefore deprived of protections under Nevada law. Plaintiffs and the other Class members were subject to the same policies, practices, and conditions of employment.

41. Plaintiffs will adequately represent the interests of the class. Plaintiffs' interests, including the mandatory tip pooling policy imposed by Defendant and resulting damages, are aligned with those of the class as a whole who were treated in a substantially similar fashion as Plaintiffs. Plaintiffs have retained attorneys who are well qualified to handle lawsuits of this type. Plaintiffs have no interests that are adverse to those of the absent Class members.

42. The common questions of law and fact as set forth above and concerning Defendant's liability predominate over any individual questions, including the amount of damages incurred by each Class member.

43. The expense and burden of individual litigation makes it impracticable for Plaintiffs and Class members to seek redress individually for the wrongful conduct alleged. The class action device is the superior method for the efficient and just adjudication of these claims. Litigating these claims in a single action will streamline discovery and avoid needless repetition of evidence at trial.

\\\

\\\

# CAUSES OF ACTION

**Count I:** **Violation of Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*.**

**(On behalf of the FLSA Collective Group)**

44. Plaintiffs incorporate all paragraphs above as if fully stated herein.

45. Section 203(m)(2)(B) of the FLSA, effective march 23, 2018, provides in pertinent part:

> An employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit. 29 U.S.C. § 203(m)(2)(B).

46. Field Assistance Bulletin No. 2018-3, issued by the Wage and Hour Division of the United States Department of Labor on April 6, 2018, provides that the duties test found in 29 C.F.R. § 541.100(a)(2)-(4) is used to determine whether an employee is a manager or supervisor for the purpose of § 203(m), and thus, prohibited from taking tips from a tip pool.

47. Section 541.100(a)(2)-(4) of the Code of Federal Regulations provides in pertinent part:

> (a) The term "employee employed in a bona fide executive capacity" in section 13(a)(1) of the Act shall mean any employee:
> . . .
> (2) Whose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof;
>
> (3) Who customarily and regularly directs the work of two or more other employees; and
>
> (4) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.

29 C.F.R. § 541.100(a)(2)-(4).

48. At all relevant times, DSLs employed by Defendant were and are managers and/or supervisors under the duties test defined in 29 C.F.R. § 541.100(a)(2)-(4) who were and are prohibited under the FLSA from keeping any tips remitted to the Tip Pool.

49. For purposes of the FLSA, the employment practices of Defendant were and are uniform in all respects material to the claims asserted in this Complaint.

50. Plaintiffs, and all other servers at the Restaurant, regularly contributed tips to the Tip Pool which Defendant then shared with DSLs.

51. At all relevant times, Defendant had annual gross operating revenues in excess of $500,000.

52. In committing the wrongful acts alleged to be in violation of the FLSA, Defendant acted willfully in that it knowingly, deliberately, and intentionally diverted tips from Plaintiffs and other members of the FLSA Collective Group to DSLs.

53. As a result of Defendant unlawfully sharing tips with managers and/or supervisors (i.e., DSLs), Plaintiffs and the other members of the FLSA Collective Group were damaged in an amount to be proven at trial.

54. Plaintiffs demand that they, along with the other members of the FLSA Collective Group, be reimbursed for the amount of tips unlawfully kept by Defendant (i.e., the amount shared with DSLs), plus interest, damages, penalties, attorneys' fees, and costs as provided by law.

## Count II:     Conversion

**(On behalf of the Class)**

55. Plaintiffs incorporate all paragraphs above as if fully stated herein.

56. The tips that customers leave for Plaintiffs and the Class members are Plaintiffs' and the Class members' property.

57. Plaintiffs and the members of the Class have, and at all relevant times had, ownership rights to possess such tips.

58. Defendant retained tips and/or wages/monies belonging to Plaintiffs and the Class members as described above, and thereby wrongfully exercised dominion and control over said tips, to the exclusion of the rights of Plaintiffs and the Class members.

59. As a direct and proximate result of Defendant's wrongful exercise of dominion and control over these tips, Plaintiffs and Class members have suffered damages in an amount to be proven at trial.

### Count III:    Unjust Enrichment

**(On behalf of the Class)**

60. Plaintiffs incorporate all paragraphs above as if fully stated herein.

61. Plaintiffs and the members of the Class have conferred a benefit upon Defendant, and gave the benefit with Defendant's knowledge, by giving service to Defendant's customers, causing those customers to leave tips for Plaintiff and the members of the Class.

62. Plaintiffs and the putative members of the Class have conferred a benefit upon Defendant, and gave the benefit with Defendant's knowledge, by creating repeat business and good will for Defendant.

63. Participation by DSLs in the Tip Pool equates to Defendant's retention of tips, which is unjust under the circumstances.

64. As a direct and proximate result of Defendant's unjust retention of tips, Plaintiffs and the putative Class members suffered damages equivalent to the amount of tips unlawfully taken in an amount to be proven at trial.

\\\

\\\

### P RAYER FOR R ELIEF

Plaintiffs request the following relief on behalf of themselves, all members of the FLSA Collective Group, and all members of the Rule 23 class:

    a.    certification of this action as a collective action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to those persons similarly situated, thus alerting them to this action and allowing them to assert timely claims in this action by filing consent forms;

    b.    judgment that Plaintiffs and those similarly situated are non-exempt employees entitled to protection under the FLSA;

    c.    judgment that Defendant's conduct in violation of the FLSA was willful;

    d.    certification of the class under Rule 23, FRCP, appointing Plaintiffs as class representatives, and appointing the undersigned as class counsel;

    e.    declaratory and injunctive relief designating the Plaintiffs and Class members as employees and enjoining Defendant from pursuing the illegal policies, acts, and practices described in this Complaint;

    f.    damages including, but not limited to, compensation to all members of the FLSA Collective Group and Class members, plus the payment of any penalties or other amounts required by applicable law or statute, including liquidated damages, and pre– and post–judgment interest;

    g.    an award of reasonable attorney's fees and costs;

    h.    punitive damages should discovery reveal willful and wanton conduct by Defendant in the acts and omissions set forth herein; and

    i.    such other legal and equitable relief as this Court deems just and proper.

\\\

\\\

\\\

## J URY  T RIAL  D EMAND

Plaintiffs, on behalf of themselves and all those they seek to represent, demand trial by jury.

Dated this 7th day of October 2020.

**SAGEBRUSH LAWYERS**

_____
TRENT L. RICHARDS, ESQ., 11448
112 S. Water Street, Suite 104
Henderson, Nevada 89015
Phone: (702) 800-7634
Fax: (702) 800-7635
Email: trichards@sagebrushlawyers.com
*Attorneys for Plaintiff*