HEJMANOWSKI &
McCREA LLC
ATTORNEYS AT LAW
520 SOUTH FOURTH ST.
SUITE 320
LAS VEGAS,
NEVADA 89101
(702) 834-8777

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOSEPH McDOUGALL and AUSTIN WALLACE, individually and on behalf of all similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>THE BOILING CRAB VEGAS, LLC,<br><br>Defendant. | Case No.: 2:20-cv-01867-RFB-NJK<br><br>**STIPULATED PROTECTIVE ORDER** |

WHEREAS, in the course of this litigation disclosure may be sought of information that a party regards as proprietary, confidential or requiring special protection under Rule 26(c) of the Federal Rules of Civil Procedure ("Confidential Information"); and

WHEREAS, the parties hereto desire to establish a mechanism governing access to and use of such Confidential Information in this action. Accordingly,

IT IS HEREBY STIPULATED by and between the parties that the following Protective Order shall govern the access to and use of confidential information produced in this action:

IT IS HEREBY ORDERED that:

**1.    Confidential Information.**

In providing or revealing information, documents or other material in this case, any party may designate as "CONFIDENTIAL" the whole or any part of such information, documents or other material which constitutes non-public business, commercial, financial, personal information, know-how, contacts, and/or similar commercially sensitive business information or data which the designating party in

good faith believes in fact is confidential or that unprotected disclosure might result in economic or competitive injury, and which is not publicly known and cannot be ascertained through an inspection of publicly available documents, materials, or devices.

2. **Designation of Confidential information.** If a party ("Producing Party") in this action determines that any of its information, documents or other material produced in this action should be designated as provided in Paragraph 1 and, therefore constitute "Confidential Information" it shall advise the other party ("Receiving Party") who had received such Confidential Information of this fact, and all copies of such documents or other materials, or portions thereof deemed to be confidential shall be marked "CONFIDENTIAL" at the expense of the Producing Party and treated as confidential by all parties.  The term "party" or "Producing Party" includes non-parties producing discovery in this litigation by subpoena or consent.

3. **Use of Confidential Information.** All Confidential Information designated or marked as provided herein shall be used by the Receiving Party solely for the purposes of this lawsuit and shall not be disclosed to anyone other than those persons identified herein in Paragraph 4 and shall be handled in the manner set forth herein until such designation is removed by the Producing Party or by order of the Court. Such Confidential Information shall not be used by any Receiving Party or other person granted access thereto under this Protective Order (the "Order") for any other purpose, including, but not limited to, a competitive purpose. Nothing herein shall preclude the Producing Party from using its own Confidential Information.

**4.** Disclosure of Confidential Information. Confidential Information produced pursuant to this Order may be disclosed or made available only to the Court and to the persons designated below: The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated "CONFIDENTIAL" under the terms of this Order to any other person or entity except as set forth in subparagraphs (a)-(g) below, and then only after the person to whom disclosure is to be made has executed an acknowledgment (in the form set forth at Attachment A hereto), that he or she has read and understands the terms of this Order and is bound by it.

(a) Retained counsel and in-house counsel for a party (including attorneys associated with the law firm of counsel and the paralegal, clerical, and secretarial staff employed by such counsel);

(b) A party, or officers, directors, and employees of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

(c) Clerical and data processing personnel involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving, and review of discovery material, to the extent reasonably necessary to assist a party's counsel in these proceedings; and

(d) This Court and its staff and any other court, tribunal or dispute resolution officer duly appointed, chosen or assigned in connection with this lawsuit.

(e) Court reporters engaged for depositions.

(f) Consultants, investigators, or experts employed by the

HEJMANOWSKI & McCREA LLC
ATTORNEYS AT LAW
520 SOUTH FOURTH ST.
SUITE 320
LAS VEGAS,
NEVADA 89101
(702) 834-8777

Page 3 of 11

parties or counsel for the parties to assist in the preparation and trial of the lawsuit.

(g) Any other person whom the producing person, or other person designating the discovery material, agrees in writing may have access to such Confidential material.

Any person to whom Confidential Information is disclosed pursuant to subparts (a)-(g) of Paragraph 4 shall be advised that the Confidential Information is being disclosed pursuant to an Order of the Court, that the information may not be disclosed by such person to any person not permitted to have access to the Confidential Information pursuant to this Order, and that any violation of this Order may result in the imposition of such sanctions as the Court deems proper.

**5. Copies, Summaries or Abstracts.** Any copies, summaries, abstracts, or exact duplications of Confidential Information shall be marked "Confidential" and is subject to the terms and conditions of this Order. Attorney-client communications and attorney work product regarding Confidential Information shall not be subject to this Paragraph, regardless of whether they summarize, abstract, paraphrase, or otherwise reflect Confidential Information.

**6. Information not Confidential.** The restrictions set forth in this Order shall not be construed:

(a) To apply to information obtained by a party from any third party to this litigation having the right to disclose such information subsequent to the production of information by the designating party; or

(b) To apply to information or other materials that have been or become part of

the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of a Receiving Party; or

(c)     To apply to information or other materials that, under law, have been declared to be in the public domain.

**7.     Designation of Discovery Information.** Documents and other discovery materials (or portions thereof) constituting, comprising, containing, or referring to Confidential Information, in whole or in part, shall be identified by being marked or stamped as "CONFIDENTIAL."

**8.     Challenges to Designations.** Any "CONFIDENTIAL" designation is subject to challenge. The following procedures shall apply to any such challenge.

a.     The burden of proving the necessity of a "CONFIDENTIAL" designation remains with the party asserting confidentiality.

b.     A party who contends that documents designated "CONFIDENTIAL" are not entitled to confidential treatment shall give written notice to the party who affixed the designation of the specific basis for the challenge. The party who so designated the documents shall have fifteen (15) days from service of the written notice to determine if the dispute can be resolved without judicial intervention and, if not, to move for an Order confirming the designation.

c.     Notwithstanding any challenge to the designation of documents as "CONFIDENTIAL", all material previously designated "CONFIDENTIAL"shall continue to be treated as subject to the full protections of this Order until one of the following occurs:

(1)     the party who claims that the documents are confidential withdraws such designation in writing;

(2) the party who claims that the documents are confidential fails to move timely for an Order designating the documents as confidential as set forth in paragraph 8.b. above; or

(3) the Court rules that the documents should no longer be designated as Confidential Information.

d. Challenges to the confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation. In the event that the Court has not ruled on challenges to confidentiality prior to the publishing of such discovery by a Receiving Party, the Receiving Party shall file such document under seal, consistent with Local Rules, or provide such document to the Court for *in camera* inspection prior to its use in any judicial proceeding.

9. **Use in Court.** ~~In the event that any Confidential Information is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its iality during such use, including without limitation, requesting that the Court seal any transcript with respect to such proceeding. Nothing in this Order, or designations of confidentiality hereunder, shall in any way affect the treatment of Confidential Information at the trial of this action. To the extent relevant to these proceedings, within thirty (30) days after the conclusion of discovery, the parties shall confer and, if necessary, submit appropriate motions to the Court setting forth~~

*See order issued concurrently herewith*

HEJMANOWSKI & McCREA LLC
ATTORNEYS AT LAW
520 SOUTH FOURTH ST.
SUITE 320
LAS VEGAS,
NEVADA 89101
(702) 834-8777

~~their positions as to the treatment at trial of Confidential Information.~~

10. **No Waiver Regarding Confidential Nature of Information.** This Order is entered solely for the purpose of facilitating the exchange of documents and information among the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order, nor any proceedings pursuant to this Order shall be deemed (i) to have the effect of an admission or a waiver by any party of the confidentiality or non-confidentiality of any materials, (ii) to alter the confidentiality or the non-confidentiality of any such document or information, (iii) to alter any existing obligation of any party or the absence thereof, or (iv) to affect in any way the authenticity or admissibility or any document, testimony, or other evidence in this proceeding. Entry of this Order does not preclude any party from seeking or opposing additional protection for particular information.

11. **Inadvertent Failure to Designate.** The inadvertent failure of a Producing Party to designate discovery materials as Confidential Information (whether in the form of documents, interrogatories, testimony, or otherwise) shall not be deemed, by itself, to be a waiver of the party's or third party's right to so designate such materials. Immediately upon learning of any such inadvertent failure, the Producing Party shall notify all receiving parties of such inadvertent failure and take such other steps as necessary to correct such failure after becoming aware of it. However, disclosure by a Receiving Party of such materials to any other person prior to later designation of the materials in accordance with this Paragraph shall not violate the terms of this Order.

HEJMANOWSKI & McCREA LLC
ATTORNEYS AT LAW
520 SOUTH FOURTH ST.
SUITE 320
LAS VEGAS,
NEVADA 89101
(702) 834-8777

**12. No Waiver of Privilege.** This Order will not prejudice the right of any party or third party to oppose production of any information on the ground of attorney-client privilege, work product privilege, or any other privilege or protection provided under the law.

**13. Return or Destruction of Information.** Within thirty (30) days after the conclusion of this action, including any appeal thereof, or the conclusion of any other legal proceeding (including arbitration proceedings) between any or all of the parties to this lawsuit, all documents and things, including transcripts (or appropriate portions of such transcripts), together with all copies thereof, which have been designated as Confidential Information, shall be returned to the designating party. In lieu of returning such designated materials as provided above, counsel for the Receiving Party may certify in writing to counsel for the designating party that the materials have been destroyed.

**14. Injunctive Relief Available.** Each party acknowledges that monetary remedies are inadequate to protect each party in the case of unauthorized disclosure or use of Confidential Information and that injunctive relief shall be appropriate to protect each party's rights in the event there is any such unauthorized disclosure or use of Confidential Information.

HEJMANOWSKI & McCREA LLC
ATTORNEYS AT LAW
520 SOUTH FOURTH ST.
SUITE 320
LAS VEGAS,
NEVADA 89101
(702) 834-8777

**15.     Other Actions and Proceedings.** If a Receiving Party (a) is subpoenaed in another action or proceeding, (b) is served with a demand in another action or proceeding in which it is a party, or (c) is served with legal process by one not a party to this Order, seeking materials which were produced or designated as Confidential Information pursuant to this Order, the Receiving Party shall give prompt actual written notice by hand, electronic mail, or facsimile transmission to counsel of record for such Producing Party within five (5) business days of receipt of such subpoena, demand, or legal process or such shorter notice as may be required to provide the Producing Party the opportunity to object to the immediate production of the requested material to the extent permitted by law. Should the person seeking access to the Confidential Information take action against the Receiving Party or anyone else covered by this Order to enforce such a subpoena, demand, or other legal process, the Receiving Party shall respond by setting forth the existence of this Order.

**16.     Order Survives Termination.**   This Order shall survive the termination of this action, and the Court shall retain jurisdiction to resolve any

dispute concerning the use of information disclosed hereunder.

Dated this 8th day of June 2022.

| | |
|---|---|
| **ROGERS, PATRICK, WESTBROOK & BRICKMAN, LLC** | **HEJMANOWSKI & McCREA LLC** |
| By: /s/ T. Christopher Tuck<br>T. Christopher Tuck<br>1037 Chuck Dawley Blvd., Bldg. A<br>Mount Pleasant, South Carolina 29464<br>Phone: 843-216-6509<br>E-mail: ctuck@rpwb.com | By: /s/ Malani L. Kotchka<br>Malani L. Kotchka<br>520 South Fourth Street<br>Las Vegas, NV 89101<br>Phone: 702-834-8777<br>E-mail: mlk@hmlawlv.com |
| *Attorneys for Plaintiffs* | *Attorneys for Defendant* |

## ORDER

**IT IS SO ORDERED.**

_____
United States Magistrate Judge

DATE: June 9, 2022

HEJMANOWSKI & McCREA LLC
ATTORNEYS AT LAW
520 SOUTH FOURTH ST.
SUITE 320
LAS VEGAS,
NEVADA 89101
(702) 834-8777

# EXHIBIT A

## ACKNOWLEDGMENT AND NONDISCLOSURE AGREEMENT

I, _____, declare under penalty of perjury under the laws of the United States that:

1. My address is: _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

I HEREBY CERTIFY AND AGREE that I have read and understand the terms of the Stipulated Protective Order (the "Order") entered in Case No. 2:20-cv-01867-RFB-NJK pending in the District Court, Clark County, Nevada (the "Court").  I agree that I will not disclose any documents or information received by me pursuant to the Order, except for purposes directly related to this litigation, as explicitly allowed by said Protective Order, and I agree to be bound by the terms and conditions of this Order unless and until modified by further order of the Court.  I hereby consent to the jurisdiction of the Court for purposes of enforcing the Order.  I understand that I am to retain all copies of any of the materials I receive which have been labeled as Confidential Information in a safe place in a manner consistent with the Order, and that all copies are to remain in my custody until I have completed my assigned or legal duties, whereupon the copies are to be returned or destroyed as specified in the Order.  I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Order.

Dated: _____                                  _____

HEJMANOWSKI &
McCREA LLC
ATTORNEYS AT LAW
520 SOUTH FOURTH ST.
SUITE 320
LAS VEGAS,
NEVADA 89101
(702) 834-8777