# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

JOSEPH MCDOUGALL, *et al.*,

Plaintiffs,

v.

THE BOILING CRAB VEGAS, LLC,

Defendant.

Case No. 2:20-cv-01867-RFB-NJK

**ORDER**

Before the Court is Plaintiffs' unopposed motion for approval of a Fair Labor Standards Act ("FLSA") Settlement. ECF No. 118. For the reasons stated below, the motion is granted.

## I.   PROCEDURAL BACKGROUND

The Court incorporates by reference the facts and procedural history as iterated in its September 30, 2023, Order, ECF No. 103, and adds the following:

On September 30, 2023, the Court issued an Order granting in part and denying in part Defendant's motion for summary judgment and granting Plaintiffs' motion for summary judgment. ECF No. 103. Following a stipulation on October 24, ECF No. 104, the case was referred to mediation. ECF No. 105. On January 22, 2024, the parties engaged in mediation before Magistrate Judge Elayna J. Youchah and a settlement was reached. ECF No. 115. On April 1, 2024, Plaintiffs filed the instant Unopposed Motion for Approval of FLSA Settlement. ECF No. 118.

## II.  FACTUAL BACKGROUND

Plaintiffs Joseph McDougall and Austin Wallace filed this lawsuit, individually and on behalf of other similarly situated employees, to recover tip wages that were misappropriated by Defendant The Boiling Crab Vegas, LLC, through the company's use of tip pools at its Boiling

1  Crab restaurant in Las Vegas, Nevada from March 23, 2018 to October 26, 2020. During this time,
2  Defendant maintained a uniform pay policy that required all front-of-house staff, including servers,
3  cashiers, bus-runners and To-Go employees, to remit their tips from each shift into tip pools, which
4  redistributed a portion of those tips to the Daily Shift Leads (a/k/a, Designated Shift Leads, Dining
5  Shift Leads, or Leads on Duty), whose primary responsibility was to manage the restaurant "floor"
6  and supervise the front-of-house staff.

### III.  LEGAL STANDARD

#### A. Approval of the Proposed Settlement Agreement

The Ninth Circuit has not established criteria that a district court must consider when approving or denying FLSA collective action settlement agreements under 29 U.S.C. § 216(b). See Seminiano v. Xyris Enter., Inc., 602 Fed. App'x 682, 683 (9th Cir. 2015) (noting, however, that settlement approval by a court or by the Secretary of Labor is required by the FLSA). Most courts in this circuit, however, evaluate the settlement under the standard established by the Eleventh Circuit, which requires the settlement to constitute "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1355 (11th Cir. 1982). The Eleventh Circuit has extended its holding in Lynn's Food to FLSA settlements between former employees and their employers resolving wage claims (i.e., individual FLSA cases). Nall v. Mal-Motels, Inc., 723 F.3d 1304, 1307 (11th Cir. 2013) ("Still, we believe that the rule of Lynn's Food applies to settlements between former employees and employers.").

To determine the fairness of a settlement under the FLSA, "the court must consider whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." Lynn's Food Stores, Inc., 679 F.2d at 1354. Courts have considered Rule 23's fairness factors in determining the fairness of a FLSA settlement. See, e.g., Lewis v. Vision Value, LLC, No. 1:11-cv-01055-LJO, 2012 WL 2930867, at *2 (E.D. Cal. July 18, 2012); Almodova v. City & Cnty. of Honolulu, No. 07-cv-00378-DAE-LEK, 2010 WL 1372298 (D. Haw. Mar. 31, 2010), report and recommendation adopted, 2010 WL 1644971 (D. Haw. Apr. 20, 2010). These factors include the strength of the plaintiffs' case, the

risk, expense, complexity, and likely duration of further litigation, the risk of maintaining class action status throughout the trial, the amount offered in settlement, the extent of discovery completed and the stage of the proceedings, the experience and views of counsel, the presence of a governmental participant, and the reaction of the class members to the proposed settlement. See Torrisi v. Tucson Elec. Power Co., 8 F.3d 1370, 1375 (9th Cir. 1993) (quoting Officers for Just. v. Civ. Serv. Comm'n of City & Cnty. of San Francisco, 688 F.2d 615, 625 (9th Cir. 1982)).

### B. Attorneys' Fees and Costs

The FLSA contains a mandatory fee-shifting and cost-shifting provision. 29 U.S.C. § 216(b). Because settlement of a FLSA claim results in a stipulated judgment in district court, this provision applies even where parties settle an individual action. Lynn's Food Stores, Inc., 679 F.2d at 1353 ("Under 29 U.S.C.S. § 216(b), when employees bring a private action for back wages under the [FLSA], and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."). The FLSA also requires court review of legal fees, to ensure that counsel is adequately compensated, and no conflict of interest infects the recovery amount within a settlement agreement. Silva v. Miller, 307 Fed App'x 349, 351 (11th Cir. 2009).

Attorney's fees are generally calculated by the "lodestar" method, whereby a court multiplies the number of hours the prevailing party "reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer." In re Bluetooth Headset Prods. Liab. Litig., 654 F.3d 935, 941 (9th Cir. 2011). The Ninth Circuit has further held that the lodestar figure is presumed reasonable, however "in rare cases, a district court may make upward or downward adjustments to the presumptively reasonable lodestar on the basis of those factors set out in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 69-70 (9th Cir. 1975) . . . that have not been subsumed in the lodestar calculation." Gates v. Deukmejian, 987 F.2d 1392, 1402 (9th Cir. 1992) (internal citations omitted).

### C. Service Awards

A court has the discretion to approve incentive awards in a FLSA case. Selk v. Pioneers Mem'l Healthcare Dist., 159 F. Supp. 3d 1164, 1181 (S.D. Cal. 2016) (citing Jones v. Agilysis,

Inc., No. C 12-03516 SBA, 2014 WL2090034, at *3 (N.D. Cal. May 19, 2014)). Considerations for such an award include "among other things, 'the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from these actions, and the amount of time and effort the plaintiff expended in pursuing the litigation.'" Id. (quoting Staton v. Boeing Co., 327 F.3d 938, 977 (9th Cir. 2003)).

### IV.    DISCUSSION

#### A.    Approval of the Proposed Settlement Agreement

The Court now turns to the merits of the pending motion. The Court finds that the parties' settlement agreement reflects a "reasonable compromise over the issues." Lynn's Food Stores, Inc., 679 F.2d at 1354. There is a bona fide dispute between the parties as to the existence and scope of Defendant's liability. See Saleh v. Valbin Corp., No. 17-CV-0593-LHK, 2018 WL 6002320, at *2 (N.D. Cal. Nov. 15, 2018) (citing Lynn's Food Stores, Inc., 679 F.2d at 1353 n.8) ("The purpose of this analysis is to ensure that an employee does not waive claims for wages, overtime compensation, or liquidated damages when no actual dispute exists between the parties."). While the Court determined, in evaluating Plaintiffs' partial motion for summary judgment, that the Daily Shift Leads were in fact managers, there remain disputes of material fact as to the scope of their roles, as well as Plaintiffs' damages and whether the Defendant willfully violated the FLSA.

In determining that the settlement is fair and reasonable, the Court considers the strength of Plaintiffs' case as well as the risk, expense, complexity, and likely duration of further litigation. See, e.g., Torrisi, 8 F.3d at 1375. Plaintiffs' claims are sufficiently strong that they have survived Defendant's motion for summary judgment. However, there is a risk of lower recovery at trial, given that Defendant may challenge the scope of the Daily Shift Leads' responsibilities, or Plaintiffs' calculation of damages. The parties' settlement was negotiated with the help of Magistrate Judge Elayna J. Youchah and the amount offered at settlement provides significant relief. Finally, the parties reached this agreement after three years of litigation and extensive discovery. Based on the stage of the proceedings, the risks of further litigation, and the fact that the settlement resolves the parties' dispute in full, the Court finds the settlement to be fair and

reasonable.

### B. Attorneys' Fees and Costs

Plaintiffs' counsel seeks reimbursement of case costs, currently in the amount of $31,199.83, and the residual sum as attorneys' fees, which is currently $75,266.96. Plaintiffs argue this represents a significant discount from the amount of fees incurred for the actual 699.91 hours spent on this case at rates between $250.00 and $450.00 per hour. The Court has considered the relationship between the fee award and the results obtained in this action, see Thorne v. City of El Segundo, 802 F.2d 1131, 1140 (9th Cir. 1986), as well as the relevant Kerr factors, and finds that the requested fees and expenses are fair and reasonable.

### C. Service Awards

Finally, Plaintiffs McDougall and Wallace cooperated in written and deposition discovery, acted as a liaison with additional opt-ins to coordinate new evidence, and participated at mediation. The Court finds that a $2,500 service award to each of the named Plaintiffs is reasonable.

### V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Plaintiffs' Unopposed Motion for Approval of a Fair Labor Standards Act Settlement, (ECF No. 118), is **GRANTED**.

**IT IS FURTHER ORDERED** that Joseph McDougall and Austin Wallace shall each receive a service award of $2,500.

**IT IS FURTHER ORDERED** that the form and content of the Notice of Settlement is approved.

**IT IS FURTHER ORDERED** that Plaintiffs' counsel is directed to administer the Settlement under the procedures established by the parties in the Settlement Agreement and with the cooperation of Defendant as necessary to implement the terms.

**IT IS FURTHER ORDERED** that Plaintiffs' counsel is directed to issue the Notice of Settlement as set forth in the Settlement Agreement.

**IT IS FURTHER ORDERED** that any opt-in Plaintiff wishing to participate must return a claim form to Plaintiffs' counsel postmarked no later than sixty days after the mailing of the Notice of Settlement.

**IT IS FURTHER ORDERED** that, prior to any unclaimed settlement money being returned to the Defendant, the parties must set a hearing with the Court to explain why such settlement money could not be distributed.

**DATED:** March 29, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**